**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| SHAWN LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:23-cv-00154-SEP |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Shawn Lamb's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [4]. For the reasons set forth below, the motion is granted. After review under 28 U.S.C. § 1915(e)(2), the action is dismissed.

**FACTS AND BACKGROUND**

At the time he filed this case, Plaintiff was incarcerated at the Ste. Genevieve Detention Center. *See* Doc. [3] at 2. Plaintiff brings this action under 42 U.S.C. § 1983 against the State of Missouri and the St. Louis Metropolitan Police Department. *Id.* at 2-3. On August 15, 2023, Plaintiff pled guilty in federal court to being a felon in possession of a firearm. He was sentenced to 57 months' imprisonment and three years' supervised release. *See United States v. Lamb*, No. 4:22-cr-546-CDP, Doc. [122] (E.D. Mo. Nov. 9, 2023). His suit arises from that conviction.

Plaintiff's statement of his claim is unclear. The "Statement of Claim" section of the Court-provided form says:

> Come now the Plaintiff Shawn Lamb, by and through his self Pro Se, under the Missouri Second Amendment Preservation Act 1.410-1.485 RSMO seeking injunctive relief, preliminary injunction and temporary restraining order and state:
>
> 1. That this action is being brought under the Missouri Second Amendment Preservation Act. 1.410-1.485 RSMO.
>
> 2. That this Court has jurisdiction in this cause of action pursuant to sections 1.410-1.485 RSMO.
>
> 3. That venue is proper in cause of action pursuant to sections 1.410-1.485 RSMO.
>
> 4. That petitioner a citizen of Missouri consents to bringing this action.

5. That Defendant violations of Petitioners Rights pursuant to Missouri Second Amendment Preservation Act and injured the Petitioner's life, liberty, property and Due Process.

Doc. [3] at 3-4.

Plaintiff seems to allege that his federal criminal charge is unconstitutional under the Missouri Second Amendment Preservation Act. *See* Mo. Rev. Stat. §§ 1.410-.485. Plaintiff lists his injuries as "Life," "Liberty," "Property," and "Due Process." Doc. [3] at 4. For relief, he seeks a preliminary injunction and temporary restraining order against Defendants and a civil penalty of $50,000 "per occurrence." *Id*. at 5.

## Discussion

### I. **Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is granted.**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id*. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the balance of the prisoner's account exceeds $10.00 until the fee is fully paid. *Id*.

Plaintiff has not submitted a certified account statement as required by § 1915(a)(2). After reviewing the information contained in the application, Plaintiff is ordered to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### II. **The case is dismissed without prejudice for failure to state a claim.**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.")

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

Plaintiff's § 1983 case relies on the constitutionality of Missouri's Second Amendment Preservation Act, a state law making federal gun restrictions illegal in Missouri. *See* Mo. Rev. Stat. §§ 1.410-.485. The Second Amendment Preservation Act has been found unconstitutional. *See United States v. Missouri*, 660 F. Supp. 3d 791, 809 (W.D. Mo. 2023). The United States Court of Appeals for the Eighth Circuit and United States Supreme Court both denied Missouri's application for a stay pending appeal. *See United States v. Missouri*, 2023 WL 6543287, at *1 (8th Cir. Sept. 29, 2023); *Missouri v. United States*, 144 S. Ct. 7 (2023). Therefore, Plaintiff has not been subjected "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Complaint fails to state a claim, and the action is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [4], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FINALLY ORDERED** that this action is dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of January, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE